**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALIAKBAR ROSTAMNE JADCHARATI,

Petitioner,

v.

JEREMY CASEY, Warden, Imperial Regional Detention Facility,

Respondents.

Case No.: 26cv1578 DMS VET

**ORDER DENYING MOTION FOR LEAVE TO SUPPLEMENT PETITION**

On March 12, 2026, Petitioner, appearing pro se, filed the present case. In the Petition, Petitioner alleged one claim, namely that his prolonged detention violated the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. Respondents filed a Return to the Petition stating they did not oppose "a bond hearing for Petitioner in this matter, subject to supervision during his removal proceedings." (Return at 1.) Accordingly, on April 15, 2026, this Court issued an order granting the Petition and ordering Respondents to provide Petitioner with a bond hearing.

Petitioner was provided a bond hearing on April 21, 2026, at the conclusion of which the immigration judge denied Petitioner's request for bond. Thereafter, the parties filed a Joint Status Report in which Respondents stated there was no need for further action on

the Petition. Petitioner disagreed and stated the Court needed to address his request for release. Following the filing of the Joint Status Report, Petitioner, now with the assistance of counsel, filed the present motion for leave to supplement the Petition with the immigration judge's April 28, 2026 decision on Petitioner's case. In that decision, the immigration judge ordered Petitioner removed to Iran, but granted his application for withholding of removal. (ECF No. 10-1 at 3-6.) Petitioner argues this decision is relevant to the present case because it bears on the immigration judge's finding that Petitioner was a flight risk and therefore not entitled to release on bond. (ECF No. 10.)

To the extent Petitioner asserts this Court failed to address a request for release in the Petition, the Petition contains no such request. As stated above, it simply sets out a claim that Petitioner's detention has been unconstitutionally prolonged. The Court addressed that claim in its April 15, 2026 Order, granted the Petitioner, and ordered Respondents to provide Petitioner with a bond hearing, which they did.

To the extent Petitioner is challenging the immigration judge's bond decision and arguing the immigration judge's April 28, 2026 decision bears on the bond decision, that is an issue for the immigration judge or the Board of Immigration Appeals, not this Court. Indeed, 8 C.F.R. § 1003.19(e) specifically allows detainees to submit subsequent requests for bond hearings, which will be considered "upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e).

For the reasons set out above, Petitioner's motion for leave to supplement his Petition is denied.

**IT IS SO ORDERED**.

Dated: August 21, 2026

Hon. Dana M. Sabraw
United States District Judge